Estate of Lipin v Lipin (2020 NY Slip Op 03292)





Estate of Lipin v Lipin


2020 NY Slip Op 03292


Decided on June 11, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2020

Friedman, J.P., Mazzarelli, Gesmer, González, JJ.


153731/18 -150972/14 -11654N 11653 11652 11651 11650 11649

[*1] Estate of Theodore Lipin, et al., Plaintiffs-Respondents,
v
Joan C. Lipin, Defendant-Appellant.
Joan C. Lipin, Plaintiff-Appellant,
v
Danske Bank, et al., Defendants-Respondents. David E. Hunt, et al., Defendants.


Joan C. Lipin, appellant pro se.
Allegaert Berger & Vogel LLP, New York (Lauren J. Pincus of counsel), for Estate of Theodore Lipin, Robert G. Lipin, Ann Susan Markatos, Ulf Bergquist, Evelyn F. Ellis, Dana A. Sawyer, Krainin Real Estate, David A. Berger, Allegaert Berger & Vogel LLP and Deborah Lovewell, respondents.
Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., New York (Francis J. Earley of counsel), for Danske Bank, respondent.
Lewis Brisbois Bisgaard & Smith LLP, New York (Sarah A. Adam of counsel), for Hon. Joseph R. Mazziotti and Mark K. Anesh, respondents.

 Judgment, Supreme Court, New York County (Shlomo Hagler, J.), entered October 15, 2019, in Index No. 153731/18, renewing a 2008 money judgment in favor of plaintiffs against defendant, unanimously affirmed, without costs. Appeals from orders, same court and Justice, entered June 17, 2019 and on or about July 12, 2019, which, inter alia, denied defendant's motions to dismiss the litigation and granted plaintiffs' motion for summary judgment in lieu of complaint renewing the 2008 money judgment, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Orders, Supreme Court, New York County (Shlomo Hagler, J.), entered on or about January 4, 2019, in Index No. 150972/14, which, inter alia, denied plaintiff's motions to renew a January 2018 motion to vacate prior orders, for a default judgment against defendants, for a cease and desist order, and to hold certain defendants and others in criminal and civil contempt, granted defendants' motions for sanctions and attorneys' fees, referred the issue to a special referee, and imposed a fine of $250 on plaintiff for contempt, and granted defendants' motion to confirm a special referee's report awarding them attorneys' [*2]fees, and order, same court and Justice, entered June 13, 2019, which granted defendants' motions to hear and report, and ordered plaintiff to pay reasonable attorneys' fees and expenses to certain defendants, unanimously affirmed, without costs. The Clerks of this Court and Supreme Court are directed to accept no filings from this plaintiff as to the matters herein without leave of their respective courts.
Defendant's arguments in support of dismissing the litigation and denying plaintiffs' motion for summary judgment, in Index No. 153731/18, were rejected by this Court in May 2019, upon our finding that defendant's motions were "incomprehensible and lacking any basis in law or fact" and that her appeal, in large part, was an apparent effort to relitigate failed claims asserted in a related action (Estate of Lipin v Lipin, 172 AD3d 536, 536 [1st Dept 2019]). None of defendant's present arguments, including those relating to service of process and jurisdiction, are any more comprehensible than her previous arguments or properly based in law or fact. Accordingly, there is no basis for vacating any of the prior orders or granting defendant's motion.
In Index No. 150972/14, the court correctly denied plaintiff's improper efforts to reargue and relitigate her claims arising out of the probate of her father's estate and to avoid the reasonable sanctions imposed on her for her defiance of properly issued filing injunctions. Plaintiff's contention that her due process rights were violated is not supported by the record, and her contentions that defendants have newly committed misconduct and insurance fraud are without merit. Like her motions in the related action brought by her father's estate, plaintiff's claims are incomprehensible and without any basis in fact or law (see Estate of Lipin v Lipin, 172 AD3d 536 [1st Dept 2019]).
In light of plaintiff's long-standing and continuing abusive conduct, which has caused defendants to incur additional attorneys' fees, defendants' request that this Court exercise its authority to impose further sanctions on plaintiff is granted, as indicated.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 11, 2020
CLERK